

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALLACE WOOD PROPERTIES, LLC,<br>A Florida Limited Liability Company<br>3300 Segovia Street<br>Coral Gables, Florida 33134,<br><br>                Plaintiff,<br><br>vs.<br><br>TATJANA WOOD,<br>An Individual<br>101 West 74th Street, Apt. 5E<br>New York, New York 10023,<br><br>                Defendant. | CIVIL ACTION NO.<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Wallace Wood Properties, LLC ("WWP"), by and through its undersigned counsel, files this Complaint against Defendant Tatjana Wood ("Wood") to recover its property that is wrongfully and unlawfully in the possession of Defendant Wood. In support thereof, WWP alleges as follows:

### PARTIES

1. Plaintiff WWP is limited liability company organized under the laws of the state of Florida with a principal place of business at 3300 Segovia Street, Coral Gables, Florida 33134. The sole member of WWP is J. David Spurlock who resides in Florida.

2. Defendant Wood is an individual who resides at 101 West 74th Street, Apt. 5E, New York, New York 10023.

### JURISDICTION AND VENUE

3. Diversity Jurisdiction is proper pursuant to Title 28 U.S.C. § 1332(a)(1) as

this is an action between citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. Venue is proper in this District pursuant to Title 28 U.S.C. § 1391(b)(1) & (2) because Wood is a resident of this District and the property that is the subject of the action is situated in this District.

5. Venue is also proper in this District pursuant to N.Y. CPLR § 508 because the chattel to be recovered is situated in this District.

## FACTUAL BACKGROUND

6. Wallace Wood (a.k.a Wally Wood) was an American comic book writer, illustrator and publisher who is best known for his work on EC's Comics' "Mad Magazine" and Marvel Comics' "Daredevil" comic books.

7. During his life, Wallace Wood married Defendant Wood.

8. Wallace Wood and Defendant Wood were subsequently divorced.

9. Wallace Wood died on November 2, 1981 and bequeathed all of his money and assets through a Last Will and Testament (the "Will"). A true and correct copy of the Will is attached as Exhibit 1.

10. The Will provides that "[a]ll bank accounts, whether savings, checking, Certificates of Deposit, or otherwise," are bequeathed "to [his] first wife, TATJANA WOOD." *See* Exhibit 1, ¶ A.

11. The Will also provides that "[a]ll the rest, residue and remainder of [his] estate, inclusive of but not limited to, all furniture, equipment, jewelry and royalty rights for all writings and art work, whether published or unpublished" are bequeathed "to [his] friend, JOHN H. ROBINSON." *See* Exhibit 1, ¶ B.

12. On February 23, 2012, John H. Robinson – the residual beneficiary of the Will – assigned all of his interest in "the work, property, copyrights, trademark rights and royalties attributed to or due to the said Wallace Wood and/or his estate to Wallace Wood Properties, LLC [ . . . ]". A true and correct copy of the Agreement of Assignment is attached as Exhibit 2.

13. WWP was established on December 22, 2011 to manage the tangible properties and intellectual property rights related to Wallace Wood's works.

14. J. David Spurlock is the sole member and manager of WWP.

15. While working on a biography of the life of Wallace Wood called "Wally's World," Mr. Spurlock first became aware that Defendant Wood was in possession of approximately 150-200 pages of original artwork created by Wallace Wood (the "Artwork").

16. Original artwork created by Wallace Wood is valued between $2,000 and $35,000 per page.

17. Upon information and belief, some of the Artwork was original Artwork that Marvel Comics returned in or around 2005.

18. Upon information and belief, Marvel Comics returned the original Artwork to Defendant Wood's address because it was unaware that Wallace Wood was divorced from Defendant Wood and had moved out of their home located at 101 West 74th Street, Apt. 5E, New York, New York 10023.

19. Upon information and belief, Defendant Wood had knowledge of the terms of the Will, but failed to contact John H. Robinson, or any other representative of the residual estate, to notify him/her of her receipt of the returned Artwork.

20. After WWP became the owner of all residual portions of Wallace Wood's estate in 2012, J. David Spurlock sent a letter to Defendant Wood on behalf of WWP demanding that any original Artwork be returned to its rightful owner, WWP. A true and correct copy of the letter sent by J. David Spurlock dated March 20, 2013 is attached as Exhibit 3.

21. Mr. Spurlock met with Counsel for Defendant Wood to discuss return of the original Artwork on May 7, 2013.

22. During that meeting, Counsel for Defendant Wood explained that Defendant Wood refused WWP's demands for the return of the Artwork.

23. Having received no further communication from Defendant Wood about the Artwork, Mr. Spurlock sent a second letter to Defendant Wood, which renewed his demand that all original Artwork authored by Wallace Wood be returned to its rightful owner, WWP. A true and correct copy of the letter sent by J. David Spurlock dated October 3, 2013 is attached as Exhibit 4.

24. WWP received a response from Defendant Wood's Counsel reiterating her refusal to return the Artwork. A true and correct copy of the email sent by Defendant Wood's Counsel dated October 7, 2013 is attached as Exhibit 5.

25. Prior to Mr. Spurlock's demands on March 20, 2013 and October 3, 2013, no demand for the return of the Artwork was ever made by anyone.

## COUNT I – CONVERSION

26. WWP incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

27. WWP owns and has the right to possess the Artwork by virtue of the Will and Agreement of Assignment.

28. Defendant Wood wrongfully obtained and knowingly remains in wrongful possession of WWP's Artwork, which demonstrates a willful, reckless and intentional disregard of WWP's rights.

29. By retaining wrongful possession of WWP's Artwork, Defendant Wood has willfully, recklessly and intentionally interfered with WWP's dominion and control over the Artwork, without WWP's consent, authorization and/or lawful justification, resulting in the deprivation of use and possession to which WWP is exclusively entitled.

30. Defendant Wood's intentional interference with WWP's dominion and control over the Artwork is inconsistent with WWP's rights.

31. WWP first demanded that the Artwork be returned on March 20, 2013, but that demand for return of the Artwork was refused by Defendant Wood at a meeting on May 7, 2013.

32. WWP again demanded that the Artwork be returned on October 3, 2013, but that demand for return of the Artwork was refused by Defendant Wood via electronic mail dated October 7, 2013.

33. WWP has been damaged by Defendant Wood's wrongful possession of and/or failure to relinquish the Artwork.

## COUNT II – REPLEVIN

34. WWP incorporates by reference the allegations contained in the foregoing paragraphs as though fully set forth herein.

35. WWP owns and has the right to possess the Artwork by virtue of the Will and Agreement of Assignment.

36. Because Defendant Wood has no rights relating to the ownership or possession of the Artwork, WWP has superior rights over Defendant Wood to own and possess the Artwork.

37. Defendant Wood wrongfully obtained and knowingly remains in wrongful possession of WWP's Artwork.

38. By retaining wrongful possession of WWP's Artwork, Defendant Wood has willfully, recklessly and intentionally interfered with WWP's dominion and control over the Artwork, without WWP's consent, authorization and/or lawful justification, resulting in the deprivation of use and possession to which WWP is exclusively entitled.

39. Defendant Wood's intentional interference with WWP's dominion and control over the Artwork is inconsistent with WWP's rights.

40. WWP first demanded that the Artwork be returned on March 20, 2013, but that demand for return of the Artwork was refused by Defendant Wood at a meeting on May 7, 2013.

41. WWP again demanded that the Artwork be returned on October 3, 2013, but that demand for return of the Artwork was refused by Defendant Wood via electronic mail dated October 7, 2013.

42. WWP is entitled to immediate possession of the Artwork.

WHEREFORE, WWP demands judgment in its favor and against Defendant Wood, and is entitled to the following relief:

    a. that Defendant Wood be enjoined and restrained from removing from the state, transferring, selling, pledging, assigning, or otherwise disposing of the Artwork until further Order of this Court because the Artwork is unique chattel;

        b.       that WWP be adjudged the owner of the Artwork and be entitled to immediate and exclusive possession and control of the Artwork;

        c.       that any Artwork in the possession of Defendant Wood be immediately returned and delivered to WWP;

        d.       that Defendant Wood be ordered to cooperate fully with WWP and its representatives and agents, together with the law enforcement authorities, to facilitate the orderly replevin of the Artwork, whether in her possession or in the possession of any third party, including but not limited to making a full accounting and inventory of all Artwork;

        e.       compensatory damages (plus interest), punitive damages, pre- and post-judgment interest, and costs; and

        f.       that this Court grant such further relief as it deems just and necessary under the circumstances.

Dated: October 28, 2014

Respectfully submitted,

PEPPER HAMILTON LLP

By: _____
Jena L. Tiernan
The New York Times Building
37th Floor
620 Eighth Avenue
New York, New York 10018-1405
Tel: 212.808.2732
Fax: 212.286.9806
Email: tiernanj@pepperlaw.com

                M. Kelly Tillery, Esq.[1]
                Megan M. Kearney, Esq.[1]
                PEPPER HAMILTON LLP
                3000 Two Logan Square
                Eighteenth and Arch Streets
                Philadelphia, PA 19103-2799
                Tel: 215.981.4000
                Fax: 215.981.4750
                Email: tilleryk@pepperlaw.com
                Email: kearneym@pepperlaw.com

---

[1] *Pro Hac Vice* applications to be submitted.