# Exhibit 4

The Wallace Wood Estate
Wallace Wood Properties, LLC
3300 Segovia Street • Coral Gables, FL 33134

October 3, 2013

Tatjana Wood
101 West 74th St., Apt. 5E
New York, NY 10023

                Re:      Wallace Wood last will and testament

Dear Tatjana:

      I have not heard from you or Joel Hecker, Esq. since meeting with him on May 7, 2013. While working on the WALLY's WORLD biography in 2006 (long before my affiliation with the Wood Estate/Wood Properties LLC), I became aware that you have many of Wood's originals — to the best of my recollection 150 to 200 pages, primarily returned art from Marvel. Since becoming the Director of the Estate/Wood Properties LLC, in January of 2012, while studying various documents including Wallace's will, it has become clear that Wallace's will stipulates that The Estate/Wood Propertis LLC, is the rightful and true owner of most of that art you possess. However uncomfortable the conversation, I am duty bound to look after such matters with due diligence. Despite Mr. Hecker's legal maneuvers, it strikes me that you might value Wallace's will.

      As Wallace's will provides, you were to receive any bank accounts. All other properties ("All the rest, residue and remainder of my estate, inclusive of but not limited to...") were bequeathed by Wallace to his confidant, friend and executor, John H. Robinson. As per Mr. Robinson, all Wood property has, ever since, been managed as The Wallace Wood Estate and is organized as the business entity, Wallace Wood Properties, LLC.

      Mr. Hecker has said that the material was sent to you by Marvel circa 2005. Though I had no access to the will at that time, in 2005, you had knowledge of the terms of Wallace's will but failed to notify the Estate. Obviously, the Estate would never abandoned such material. We believe the law would consider the material stolen. In such cases any Statute of Limitation seldom applies and tend to be suspended as the courts recognize them as "tolled."

      Courts are generally in agreement that any statute of limitations is tolled during a period of concealment of stolen property. See, e.g., *Jackson v. American Credit Bureau, Inc.*, 531 P.2d 932, 936 (Ariz. Ct. App. 1975); *Joseph v. Lesnevich*, 153 A.2d 349, 357 (NJ. Super. Ct. App. Div. 1959); *Reynolds v. Bagwell*, 198 P.2d 215, 217 (Okla. 1948). The suspension of the limitations period continues until the property is held in open and notorious possession. Courts generally place a subsequent possessor with notice of the theft in the same position as the thief, and any

concealment by either will suspend the statute. See *also John G. Petrovich, Comment, The Recovery of Stolen Art: Of Paintings, Statues, and Statutes of Limitations, UCLA L. REv. 1122, 1127,* note 28, at 1131-32 n.36 *(1980); and O'Keeffe v. Snyder,* 416 A.2d 862, 871. (NJ. 1980).

Again, the Estate has goodwill toward you and there is no animosity between the parties but as the true owner of the property, the Estate must claim it. As discussed in our last telephone conversation, as well as in Mr. Hecker's office, we hope to found a permanent Museum devoted to Wood to commemorate his life and works for future generations. As a goodwill offer to settle this matter amicably, Wood Properties LLC has offered to pay $50,000.00 to you, in exchange for the safe return of all of The Estate's property. The offer will be retracted, and the funds devoted to representation, if the Estate is forced to secure the Estate's property through a replevin court action.

In our May, 2013 meeting Mr. Hecker indicated that some agreement could be worked out to save us all the stress and expense of a court action. We trust he properly presented to you, our additional goodwill offers which, we outlined in that meeting including but not limited to:

> 1) Making you a beneficiary of Wood Properties business. This would be for a small percentage but would illustrate our long-term goodwill and could prove favorable to you if we are successful in our attempts to secure lucrative TV, Video Games and/or Film projects based on Wood creations.
> 2) Providing payments to you in cash, if you deem such as preferable
> 3) Any payments beyond the offered $50,000.00 would require the sale of some art. Our goal is to preserve the work but, we are open ways to settling this matter in a timely manor.
> 4) Some type of mutually agreed to split of the materials.

But to-date, despite our various goodwill attempts toward settlement, and Mr. Hecker's indication that something could be worked out, we have received not a single goodwill suggestion or offer. As I advised Mr. Hecker, we believe his Laches defense is weak and the clock is ticking. Only by moving forward quickly, can we forego court action. Many courts (especially in New York) order mediation as a standard procedure. We are making our best goodwill attempts to mediate now, to save all involved stress and expense. Too much time is going by. If we do not receive some positive attempt to settle this quickly, we may have no option but to seek help from the courts. I am in New York for a few days if you and/or Mr. Hecker would like to meet. All discussions are solely for the purpose of settlement.

Thank you,

J. David Spurlock
Director, The WallaceWood Estate
(908) 391-0937
www.wallacewoodestate.com