UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
WALLACE WOOD PROPERTIES,

              Plaintiff,                            No. 14-CV-8597-LTS

              -v-

TATJANA WOOD,

              Defendant.

--------------------------------------------------------x


MEMORANDUM OPINION AND ORDER

        Plaintiff, Wallace Wood Properties ("WWP"), brings this action in conversion and replevin seeking damages for and the return of artwork allegedly in the possession of Defendant, Tatjana Wood.  Defendant moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, claiming that Plaintiff's second amended complaint ("SAC") is barred by the statute of limitations and laches and fails to state a cause of action.  The Court has jurisdiction of this action pursuant to 28 U.S.C. Section 1332(a)(1).  The parties agree that the Plaintiff's claims are governed by New York law.  (Joint Prelim. Pre-Trial Statement ¶ 5.)

        The Court has carefully reviewed and considered the submissions of both parties. For the following reasons, the Defendant's motion to dismiss is granted.

BACKGROUND

        The following relevant facts are taken from the complaint or documents appended thereto and are assumed to be true.  Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

Mr. Wallace Wood's Will and Legacy

Wallace Wood was a famed comic book writer and illustrator whose work has been featured in well-known comic books published by Marvel Comics ("Marvel") and EC Comics.  (SAC ¶ 6.)  Defendant was Mr. Wood's first wife.  The couple divorced in the 1960s, two decades before Mr. Wood's death, which occurred in 1981.  (Id. ¶¶ 7-11.)  In his will, Mr. Wood bequeathed all "bank accounts, whether savings, checking, Certificates of Deposit, or otherwise" to Defendant.  (Id. ¶ 12.)  A close friend of Mr. Wood, Mr. John Robinson, was bequeathed "[all] the rest, residue and remainder of [the] estate, inclusive of but not limited to . . . art work, whether published or unpublished."  (Id. ¶ 13.)

In 2009, Mr. J. David Spurlock, Mr. Wood's biographer, first saw a copy of Mr. Wood's will.  (Id. ¶¶ 22-23.)  Two years later in 2011, Mr. Spurlock established WWP to promote Mr. Wood's legacy and to manage Mr. Wood's tangible properties and intellectual property rights.  (Id. ¶¶ 19-20.)  Mr. Spurlock is the sole member and manager of WWP.  (Id. ¶ 21.)  On February 23, 2012, Mr. Robinson assigned his interest in "the work, property, copyrights, trademark rights and royalties attributed to or due to the said Wallace Wood and/or his estate" to WWP.  (Id. ¶ 16.)  As of that date, WWP alleges, it became the owner of all original artwork created by Mr. Wood "during his lifetime that is not subject to a written agreement explicitly providing otherwise and thus owned by Wallace Wood at the time of his death."  (Id. ¶ 18.)

<u>Defendant's Possession of the Original Artwork: The 2005 Marvel Transfer</u>

In 2005, Marvel allegedly transferred 150 to 200 pieces of Mr. Wood's original comic book artwork to Defendant's possession (the "Marvel Artwork").[1]  (<u>Id.</u> ¶ 41.)  The transfer was "an entirely private transaction not authorized by Wallace Wood, the Estate of Wallace Wood or Robinson" and "Defendant Wood knew that the actual owner of the Original Artwork was not Marvel, not her and indeed was Wallace Wood and then Robinson and then later WWP."  (<u>Id.</u> ¶¶ 76, 88.)  Further, Plaintiff alleges that "Defendant Wood admits that she did not receive the Original Artwork until 2005 and subsequently concealed the fact that she possessed it" and "concealed the identity, location and possession of the Original Artwork from . . . Robinson and ultimately WWP."  (<u>Id.</u> ¶¶ 32, 89, 93-95.)  Although the artwork allegedly transferred by Marvel in 2005 is referred to in the complaint as the "Original Artwork," the artwork Plaintiff seeks to obtain through this action is "each and every piece of Original Artwork that was created, authored or drawn by Wallace Wood that is now or ever was in the possession, custody or control of Defendant Wood . . . *including but not limited* to some or all of the Original Artwork created for Marvel."  (SAC ¶ 110 (emphasis added).)

<u>Plaintiff's Ownership Claims Regarding the Original Artwork</u>

In 2006, before Mr. Spurlock established WWP, Mr. Spurlock visited

---

[1]     Plaintiff alleges that Mr. Wood had transferred the original comic book artwork to Marvel with the intention of creating a bailment, which Marvel violated by returning Mr. Wood's artwork to Defendant.  (<u>Id.</u> ¶¶ 46-50.) Plaintiff alleges that Mr. Wood customarily sent his artwork to Marvel so that Marvel could replicate the artwork for publication and that neither Mr. Wood nor Marvel had the intention of transferring title to the original artwork.  (<u>Id.</u> ¶¶ 46, 48-50.)

Defendant's home and saw Wallace Wood comic book artwork in her possession.  (Id. ¶ 25.)  In 2013, Plaintiff alleges that Mr. Spurlock, "now in the WWP management role," realized for the first time that artwork he had seen at Defendant Wood's home in 2006 was WWP's rightful property pursuant to Mr. Wood's will and Mr. Robinson's 2012 assignment.  (Id. ¶ 23; Ex. 2.)  On March 20, 2013, Mr. Spurlock on behalf of WWP made his first demand for the return of the artwork he had seen in Defendant's home in 2006.  (Id. ¶ 96; Ex. 5.)

   On October 28, 2014, Plaintiff brought this action for conversion and replevin, seeking money damages and the return of 150 to 200 pieces of Wallace Wood comic book artwork from Defendant "including but not limited to some or all of the Original Artwork created for Marvel."  (SAC ¶ 110.)  Plaintiff attaches two exhibits to the complaint to further identify the artwork subject to its claims: (1) an internet search listing Wallace Wood comic book artwork created for Marvel during Mr. Wood's lifetime and (2) a list of recent Original Artwork allegedly auctioned off by Defendant Wood.  (Exs. 4, 8.)  In this motion practice, Defendant asserts that: (1) the complaint is barred by the three year statute of limitations applicable to conversion and replevin claims; (2) the doctrine of laches bars Plaintiff's claims; and (3) Plaintiff fails to sufficiently allege specific, identifiable property and ownership of the property in question.

DISCUSSION

   On a Rule 12(b)(6) motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter" such that the allegations contained "raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).  The Court must accept all allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor, Harris, 572 F.3d at 71, but "[t]hreadbare recitals of the elements of a cause

of action, supported by mere conclusory statements," are insufficient,  Ashcroft v. Iqbal, 556

U.S. 662, 663 (2009).  A complaint will be dismissed when allegations unsupported by sufficient

factual contentions fail to "nudge [the] claims across the line from conceivable to plausible."

Twombly, 550 U.S. at 547.  When weighing a motion to dismiss, the Court may consider the

complaint and "any written instrument attached to it as an exhibit or any statements or

documents incorporated to it by reference."  Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir.

2000).

Timeliness

Defendant asserts that Plaintiff's claims are time barred, in that the three-year

statute of limitations applicable to conversion and replevin claims expired in 2009 because the

limitations period accrued in "2005 or 2006, at the moment WWP alleges that Defendant

'wrongfully' took possession of the artwork."  (Def.'s Mem. of Law in Supp. of Def.'s Mot. to

Dismiss the SAC 2.)  Plaintiff argues that the complaint is timely under the demand and refusal

rule because Mr. Spurlock, on behalf of WWP, issued a demand on March 20, 2013 and filed the

complaint on October 28, 2014.  (Mem. of Law in Supp. of Opp'n of Pl., Wallace Wood

Properties, LLC to Mot. to Dismiss of Def., Tatjana Wood, ("Pl.'s Opp'n Mem.") 10.)

Alternatively, Plaintiff asserts that it is entitled to equitable tolling of the statute of limitations in

light of Defendant's alleged fraudulent concealment of the Marvel Artwork.  (Id. at 11.)

Although generally the lapse of the statute of limitations is an affirmative defense

not to be adjudicated on a motion to dismiss, dismissal of an action as time barred is proper if, on

the face of the complaint, it is clear that the claim is untimely.  See Yang v. Oceanside Union

Free School Dist., 933 N.Y.S.2d 905 (N.Y. App. Div. 2d Dep't 2011) (finding that plaintiff did

not sufficiently raise an issue of fact that would render dismissal based on statute of limitations

grounds inappropriate on a motion to dismiss) (citing New York cases).  But even when courts have found that the statute of limitations has expired, equitable tolling may apply when "legal principles governing accrual have appeared to cause anomalous or unfair results to prevent a party that steals or breaches trust . . . from benefitting from its wrong."  New York v. Seventh Regiment Fund Inc., 746 N.Y.S.2d 637, 647 (N.Y. 2002) (citations omitted).

The statutory period of limitations for conversion and replevin claims is three years from the date of accrual.  Seventh Regiment Fund, 746 N.Y.S.2d at 644.  In New York, when a cause of action for conversion or replevin accrues will depend on whether the current possessor is a good faith purchaser or bad faith possessor.[2]  Id.  An action against a good faith purchaser of stolen property accrues once the true owner makes a demand and is refused.  Id.  This so-called demand and refusal period puts the good faith purchaser on notice of the provenance of the property and protects owners of stolen artwork by delaying the commencement of the accrual period until the owner can make a demand.  See Kunstsammlungen Zu Weimar v. Elicofon, 678 F.2d 1150, 1161 (2d Cir. 1982) (citing New York cases).  Where the property is held in bad faith or unlawfully, however, the limitations period begins to run immediately from the time of possession, without regard to a demand and refusal period.[3]  Seventh Regiment Fund, 746 N.Y.S.2d at 646 (finding a demand and refusal

---

[2]     New York law does not distinguish between bad faith possessors and thieves for purposes of determining the accrual of the limitations period. Baiul v. William Morris Agency, No. 13 Civ. 8683, 2014 WL 1804526, at *11 (S.D.N.Y. May 6, 2014).

[3]     The New York Court of Appeals has recognized the "anomalous result" this rule creates where the true owner "would rather sue a bona fide purchaser — against whom the conversion cause of action accrues upon demand and refusal — than a thief, against whom demand would be futile, and the claim accrues at once." Seventh Regiment Fund, 746 N.Y.S.2d at

period futile "because circumstances show that the defendant knows it has no right to the goods"). Furthermore, a demand and refusal period is not required when the current possessor deals with the contested property openly as his own.  See Songbyrd, Inc. v. Estate of Grossman, 206 F.3d 172, 183 (2d Cir. 2000) (applying New York law).

Here, Plaintiff alleges that Defendant possesses the Marvel Artwork in bad faith.[4] (SAC ¶ 79) ("Defendant Wood is not a good faith purchaser or thief of the Original Artwork, but she is a wrongful current possessor of same . . . possessing same in bad faith").  Plaintiff specifically alleges that Defendant was aware that she did not have rightful title to the Original Artwork.  (SAC ¶¶ 42, 88.)  Based on Plaintiff's own allegations, no demand and refusal period was required and the limitations period accrued at the time of the alleged conversion in 2005, when Marvel delivered the Original Artwork to Defendant.  The statute of limitations thus expired in 2008 and Plaintiff's complaint, filed in 2014, is untimely on its face.[5]

Plaintiff's complaint also alleges, without elaboration, that Defendant engaged in fraudulent concealment.  Plaintiff asserts that it is entitled to the benefit of equitable tolling as a result.  To warrant tolling the limitations period on fraudulent concealment grounds, a plaintiff

---

647 (citing Solomon R. Guggenheim Found. v. Lubell, 567 N.Y.S.2d 623, 626 (N.Y. 1991)).

[4]   Plaintiff attempts to eschew this characterization in its opposition papers, asserting that Defendant is "more like a 'good-faith purchaser' and that her bad faith possession began when WWP made a demand for its return." (Pl.'s Opp'n Mem. 10.)  However, in deciding this motion to dismiss, the Court must take as true the allegations contained within the complaint.

[5]   Even if the limitations period did not accrue until 2010, when defendant Wood allegedly exercised ownership rights over the Original Artwork by selling two of the original illustrations, Plaintiff's claims would nevertheless have become time-barred in 2013, three years after the sale and prior to the initiation of this litigation.  (See SAC ¶ 115.)

must establish that a defendant's fraudulent conduct concealed the cause of action during the period plaintiff seeks to have tolled.  See Simcuski v. Saeli, 496 N.Y.S.2d 259, 263 (N.Y. 1978). The plaintiff must also establish that he or she exercised due diligence in pursuing the discovery of the claim.  See Doe v. Holy See (State of Vatican City), 793 N.Y.S.2d 565, 569 (N.Y. App. Div 3d Dep't 2005).

Plaintiff alleges that "Defendant Wood admits that she did not receive the Original Artwork until 2005 and subsequently concealed the fact that she possessed it," that "[n]o one but Marvel and Defendant Wood knew of the change in possession of the Original Artwork from Marvel to Defendant Wood," and that Defendant "fraudulently concealed the identity, location and possession of the original artwork" from Wood's estate, Mr. Robinson, and WWP.  (SAC ¶¶ 32, 74, 89.)  Plaintiff alleges that "[n]either Marvel nor Defendant Wood made any attempt to give notice to Robinson or anyone else of the . . . change in possession."  (Id. ¶ 75.)

With respect to the due diligence element, Plaintiff alleges that Mr. Robinson conducted a "reasonable investigation into the whereabouts of Wallace Wood's assets, including his Original Artwork" and has appended a supporting affidavit from Mr. Robinson that makes precisely the same allegation, with no elaboration of the nature or timing of the supposedly reasonable investigative efforts.  (SAC ¶ 31; Ex. 3.)  Plaintiff repeats, but does not support with factual proffers, its assertions of fraudulent concealment in its papers in opposition to the motion.  Plaintiff's conclusory allegations of fraudulent concealment and diligence are insufficient to raise a factual issue as to the potential availability of equitable tolling.  Plaintiff pleads nothing to indicate that Defendant or Marvel caused it or its predecessors to refrain from taking any action to protect the supposed rights of the Wood estate and Wood's legatee.  Despite

the fact that Wood's work had been published extensively by Marvel, Robinson's affidavit mentions no effort whatsoever in the decades after Wood's death to inquire after any possible ownership interest in the originals of that published work, and nothing in the SAC or Plaintiff's opposition provides any basis for an inference that Plaintiff or its predecessors were entitled to rely on Marvel or Defendant to inform them of any transfer.  There is no allegation of any affirmative misrepresentation by Marvel or Defendant upon which Plaintiff or its predecessors relied in determining whether, or when, to sue.  Indeed, the SAC alleges that Wood displayed the Original Artwork to Mr. Spurlock in 2006 and has been selling it at auction.  Under these circumstances, dismissal of the complaint as untimely is warranted.  See Abbas v. Dixon, 480 F.3d 636, 642 (2d Cir. 2007) ("If a plaintiff cannot 'articulate[] any facts by defendants that prevented [him] from timely commencing suit' then he has failed to meet [his] burden of showing that [he was] wrongfully induced by defendants not to commence suit." (quoting Doe v. Holy See (State of Vatican City), 17 A.D.2d 793, 794 (N.Y. App. Div. 3rd Dep't 2005) (alterations in original)).  Defendant's motion will therefore be granted.

In light of the Court's determination that the action must be dismissed as untimely, the Court need not address the parties' remaining contentions.

CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Second Amended Complaint is granted.  The Clerk of Court is requested to enter judgment in favor of Defendant and close this case.

This Memorandum Opinion and Order resolves docket entry number 19.

SO ORDERED.

Dated: New York, New York

     July 24, 2015

 

                                           __/s/ Laura Taylor Swain__
                                           LAURA TAYLOR SWAIN
                                           United States District Judge