UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WALLACE WOOD PROPERTIES,

       Plaintiff,

 -v-                                                             No.  14CV8597-LTS

TATJANA WOOD,

       Defendant.

--------------------------------------------------------x

MEMORANDUM OPINION AND ORDER

       Plaintiff, Wallace Wood Properties ("WWP" or "Plaintiff"), seeks reconsideration and relief from this Court's July 24, 2015, order ("July 2015 Order"), pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), and Local Civil Rule 6.3, which granted Defendant Tatjana Wood's ("Defendant") motion to dismiss the Second Amended Complaint ("SAC") on statute of limitations grounds.  The Court has jurisdiction of this action pursuant to 28 U.S.C. section 1332(a)(1).

       The Court has carefully reviewed and considered the submissions of both parties. For the following reasons, Plaintiff's Motion for Reconsideration and Relief from Judgment is denied.

BACKGROUND[1]

       Plaintiff filed a complaint on October 28, 2014, and the SAC on January 21,

---

[1]     A fuller discussion of the procedural and factual history is contained in the earlier memorandum order and opinion of this Court.  See Wallace Wood Properties v. Wood, No. 14 CV 8597 (LTS), 2015 WL 4508344 (S.D.N.Y. 2015).

2015, asserting claims of conversion and replevin and seeking damages.  (Dkt. entry nos. 1 and 16.)  Plaintiff alleged that Defendant was "wrongfully and unlawfully in possession of" 150 to 200 pieces of artwork created by comic book artist Wallace Wood, which had been bequeathed to Plaintiff through Mr. Wood's will.  (SAC at 1.)  In the SAC, Plaintiff alleged, inter alia, that:

> Upon information and belief, Defendant Wood had knowledge of the terms of the Will because she was a named, specific Beneficiary of certain bank accounts and likely received a copy of the Will through Probate.  (¶ 42.)
>
> Defendant Wood is not a good faith purchaser or thief of the Original Artwork, but she is a mistaken, wrongful current possessor of same.  At best, she is a mistaken or ill-informed purported donee, possessing same in bad faith.  (¶ 79.)
>
> Upon information and belief, Defendant Wood took no steps whatsoever inconsistent with a Bailment of the Original Artwork to Marvel, until she first rejected WWP's demand for return of the same on May 7, 2013.  (¶ 85.)
>
> At all times relevant hereto, Defendant Wood knew that the actual owner of the Original Artwork was not Marvel, not her and indeed was Wallace Wood and then Robinson and then later WWP.  (¶ 88 (emphasis in original).)

Defendant moved to dismiss the SAC on January 27, 2015, arguing that Plaintiff's claims were barred by the three-year statute of limitations and laches, and that the SAC failed to state a cause of action.  The Court granted Defendant's motion, finding that, because Defendant was alleged to be a bad faith possessor and took possession of the artwork in 2005, the three-year statute of limitations applicable to bad faith possessors under New York law applied.  (July 2015 Order at 7.)  The Plaintiff's complaint, which was not filed until 2014, was thus dismissed as "untimely on its face."  Id.

On August 13, 2015, Plaintiff filed the instant Motion for Reconsideration of the July 2015 Order, seeking relief from judgment on the basis that the Court had made mistakes of fact and law with respect to when the conversion and replevin claims accrued for statute of limitations purposes.  Plaintiff principally argues that the SAC should have been interpreted to

allege that Defendant did not possess the artwork in bad faith until either Mr. Wood's will went into probate in 2012 or Plaintiff made the demand for return of the artwork in 2013, which would render the lawsuit timely.

### DISCUSSION

Federal Rule of Civil Procedure 59(e)[2] allows parties to submit a motion to "alter or amend a judgment" no later than "28 days after the entry of the judgment." Rule 59(e) motions are granted to "correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence." Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (citing Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). Similarly, relief under Rule 60(b)(1) allows a court to relieve a party "from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); see Kotlicky v. U.S. Fid. & Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987).

Both Rule 59(e) and Rule 60(b)(1) permit the Court to reconsider a prior judgment, but impose a high burden. Reconsideration under Rule 59(e) is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted) (denying Rule 59(e) motion for reconsideration for failure to point to any additional facts that would alter the court's opinion). A motion for reconsideration, moreover, is not intended to be a vehicle for parties to relitigate cases or advance new theories that they failed

---

[2] Plaintiff also seeks relief under Local Rule 6.3, which differs from Rule 59 only in minor procedural respects that are not relevant here. The standard of review under Rule 59 and Local Rule 6.3 is "the same." Schoolcraft v. City of New York, 298 F.R.D. 134, 136 (S.D.N.Y. 2014).

to raise in their underlying motion practice.  Melnitzky v. Rose, 305 F. Supp. 2d 349, 352 (S.D.N.Y. 2004) (rejecting Rule 59(e) motion for reconsideration because Plaintiff failed to point to "any controlling law or a factual matter before the Court on the underlying motion that the Court overlooked").  Similarly, a Rule 60(b) motion is "properly granted only upon showing of exceptional circumstances."  PG 1044 Madison Associates, L.L.C. v. Sirene One, L.L.C., 229 F.R.D. 450, 452 (S.D.N.Y. 2005) (citations omitted) (denying Rule 60(b) motion for failure to show new and convincing evidence demonstrating exceptional circumstances).  The decision as to whether to grant a party's Rule 60(b) motion for reconsideration sits "within the court's broad discretion."  Badian v. Brandaid Communications Corp., No. 03 CV 2424 (DC), 2005 WL 1083807, at *2 (S.D.N.Y. 2005) (internal citation omitted).

      Plaintiff has not met its high burden here.  First, as to Rule 59(e), Plaintiff has pointed to no new evidence nor demonstrated manifest injustice.  There is also no clear error.  Other than offering up an alternative interpretation of the SAC, Plaintiff presents no basis for the Court to reconsider its prior opinion.  Plaintiff merely points to arguable ambiguity in the SAC and abandons the interpretation it advanced in the underlying dispositive motion practice.  In light of allegations in the SAC explicitly alleging that Defendant is a "wrongful . . . possessor . . . in bad faith" and that "[a]t all times relevant hereto, Defendant Wood knew that the actual owner of the Original Artwork was not Marvel, not her and indeed was [Plaintiff]," Plaintiff's argument of clear error is unavailing.  (See SAC ¶¶ 79, 88 (emphasis in original).)  See also Perry v. NYSARC, Inc., 424 F. App'x 23, 25 (2d Cir. 2011) (upholding dismissal based on reading inconsistent allegations against the complaint as a whole); Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1095 (2d Cir. 1995) (sustaining dismissal of the complaint where "attenuated allegations" supporting a claim "are contradicted both by more specific allegations in the

complaint and by facts of which [the court] may take judicial notice").

Likewise, with respect to the Rule 60(b)(1) standard, Plaintiff has not demonstrated "mistake, inadvertence, surprise or excusable neglect" warranting reconsideration. Plaintiff does not argue surprise or excusable neglect, and has failed to demonstrate that the Court mistakenly or inadvertently misinterpreted the SAC in concluding that Defendant was a bad faith possessor beginning in 2005.

Plaintiff falls short of the exceptional or extraordinary circumstances required for warranting reconsideration under Rules 59(e), and 60(b)(1), and Local Rule 6.3.  See In re Health Mgmt. Sys., Inc. Sec. Litig., 113 F. Supp. 2d at 614; PG 1044 Madison Associates, L.L.C., 229 F.R.D. at 452.  The remainder of Plaintiff's arguments all depend on the proposition that the Court erred in reading the Complaint as alleging that the Defendant was a bad faith possessor beginning in 2005.  Having found that there is no clear error as to that reading, the Court declines to engage the Plaintiff's remaining arguments.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration and Relief under Federal Rules of Civil Procedure 59(e), and 60(b)(1), and Local Rule 6.3 is denied.  This Memorandum Opinion and Order resolves docket entry number 45.

SO ORDERED.

Dated: New York, New York
         December 2, 2015

       /s/ Laura Taylor Swain
    LAURA TAYLOR SWAIN
    United States District Judge